1 | **SCHEPER KIM & HARRIS LLP**
WILLIAM H. FORMAN
2 | wforman@scheperkim.com
601 West Fifth Street, 12th Floor
3 | Los Angeles, CA  90071-2025
Telephone: (213) 613-4655
4 | Facsimile:  (213) 613-4656

5 | **Attorneys for Arnold Staloff**
Admitted *pro hac vice*

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE DISTRICT OF ARIZONA**

10

11 | Steven Bocker; Sadie LaBerge; and Jay Wise,

CASE NO. 2:15-CV-00046-PHX-DLR

12 | Plaintiffs,

13 | v.

**DEFENDANT ARNOLD STALOFF'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. PR. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

14 | Deer Consumer Products, Inc.; Yuehua Xia; Zongshu Nie; Arnold Staloff; Qi Hua Xu; Yongmei Wang; Man Wai James Chiu; Walter Zhao; Edward Hua; Bill Ying He; Goldman Kurland Mohidin LLP; and Ahmed Mohidin,

15

16

17 | **ORAL ARGUMENT REQUESTED**

Defendants.

18 | *[Concurrently Filed with Certificate of Conferral Per Court Order (Doc. No. 27); Declaration of William H. Forman; Request for Judicial Notice; [Proposed] Order Re Judicial Notice]*

19

20

21 | Trial Date:        None Set
Complaint filed:   January 9, 2015

22

23

24

25

26

27

28

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT

1   Defendant Arnold Staloff ("Mr. Staloff") moves to dismiss all claims against

2   him in Plaintiffs' Complaint ("Complaint").  Specifically, Staloff seeks an order

3   from the Court dismissing the First Cause of Action for his alleged violation of

4   Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) ("'34

5   Act") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), pursuant to

6   Federal Rules of Civil Procedure 12(b)(6) and 9(b) and the Private Securities

7   Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and the Second

8   Cause of Action for his alleged violation of Section 20 of the '34 Act, 15 U.S.C.

9   §78t(a).  Mr. Staloff moves on the grounds that the Complaint fails to allege facts

10  sufficient to establish the causes of action against Mr. Staloff.  The parties met and

11  conferred to determine whether it could be avoided and were unable to agree that the

12  pleading is curable by a permissible amendment in compliance with this Court's

13  August 3, 2015 order (Doc. No. 27).

14  This Motion is based upon this Notice of Motion and Motion, the attached

15  Memorandum of Points and Authorities, the concurrently filed Request for Judicial

16  Notice ("RJN"), the Declaration of William Forman in support of the Motion

17  ("Forman Decl."), all pleadings, prior briefing, exhibits, documents, and other

18  records and files in this action, and upon such other evidence or arguments as may

19  be presented at the hearing in this matter.

20  DATED: August 10, 2015        SCHEPER KIM & HARRIS LLP
                                  WILLIAM H. FORMAN
21

22                                By:   /S/  William H. Forman
23                                      William H. Forman
                                        Attorneys for Defendant Arnold Staloff
24

25

26

27

28

1

## <u>**TABLE OF CONTENTS**</u>

2     I.      INTRODUCTION ...................................................................................... 1

3     II.     STATEMENT OF FACTS ......................................................................... 2

4             A.      The Origins of Deer ..................................................................... 2

5             B.      Mr. Staloff ................................................................................... 2

6             C.      Mr. Staloff's Lack of Knowledge ............................................... 3

7             D.      Procedural History ...................................................................... 4

8     III.    LEGAL STANDARD ............................................................................... 5

9     IV.     ARGUMENT ............................................................................................ 6

10            A.      Plaintiffs Fail To Allege That Mr. Staloff Violated Section 10(B)
                      Of The '34 Act ............................................................................ 6

11            B.      Plaintiffs Fail To Meet The First Element Of Section 10(B) –
12                    Alleging That Mr. Staloff Made False Statements .................... 7

13                    1.      Plaintiffs Fail To Plead That Mr. Staloff Did Anything
                              More Than Sign A Single Filing ...................................... 7

14                    2.      The Complaint Fails To Identify Any Allegedly False
15                            Statements by Mr. Staloff ................................................ 8

16            C.      Plaintiffs Fail To Adequately Plead Mr. Staloff Acted with Any
17                    Scienter ....................................................................................... 9

                      1.      Plaintiffs Fail to Show Any Fraudulent Motive .............. 9

18                    2.      The Complaint's Boilerplate Allegations Do Not Show
19                            Actual Knowledge of Fraud ........................................... 10

20                    3.      Independent Auditors' Opinion Negates Scienter ........ 12

21            D.      Plaintiffs Fail To State A Claim For Control Person Liability
                      Because They Have Not Alleged That Mr. Staloff Exercised
22                    "Actual Power Or Control" Over Deer ..................................... 13

23    V.      CONCLUSION ....................................................................................... 15

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**FEDERAL CASES**                                                      **PAGE(S)**

3

*Arthur Children's Trust v. Keim,*
    994 F. 2d 1390 (9th Cir. 1993) ....................................................14

4

*Ashcroft v. Iqbal,*
5
    129 S. Ct. 1937 L. Ed. 2d 868 (2009).....................................5, 15

6

*Batwin v. Occam Networks, Inc.,*
    No. CV 07-2750 CAS (SHX), 2008 WL 2676364,
7
    (C.D. Cal. July 1, 2008)..............................................................14

8

*Brophy v. Jiangbo Pharm., Inc.,*
    781 F.3d 1296 (11th Cir. 2015) ..................................................12
9

*Commc'ns Workers of Am. Plan for Employees' Pensions & Death Benefits v. CSK*
10
    *Auto Corp.,* No. CV06 1503 PHX DGC (L), 2007 WL 951968,
    (D. Ariz. Mar. 28, 2007)........................................................5, 10
11

*DSAM Global Value Fund v. Altris Software, Inc.,*
12
    288 F. 3d 385 (9th Cir. 2002) ....................................................6, 9

13

*Gold v. Morrice,*
    Case No. CV 07-00931 DDP(JTLx), 2008 WL 467619,
14
    (C.D. Cal. Jan. 31, 2008) .............................................................8

15

*Hollinger v. Titan Capital Corp.,*
    914 F. 2d 1564 (9th Cir. 1990) ...................................................15

16

*Howard v. Everex Systems, Inc.,*
17
    228 F. 3d 1057 (9th Cir. 2000) ...........................................8, 13, 14

18

*In re Apollo Grp., Inc. Sec. Litig.,*
    No. CV-10-1735-PHX-JAT, 2011 WL 5101787, (D. Ariz. Oct. 27, 2011)  11
19

*In re Apollo Grp., Inc. Sec. Litig.,*
20
    No. CV-10-1735-PHX-JAT, 2012 WL 2376378, (D. Ariz. June 22, 2012) 10,
11
21

*In re ChinaCast Educ. Corp. Sec. Litig.,*
22
    No. CV 12-4621-JFW PLAX, 2012 WL 6136746,
    (C.D. Cal. Dec. 7, 2012) ..............................................................9
23

*In re Downey Secs. Litig.,*
24
    Case No. CV 08-3261 JFW (RZx), 2009 WL 2767670,
    (C.D. Cal. Aug. 21, 2009)........................................................9, 10
25

*In re GlenFed Inc. Sec. Litig.,*
26
    42 F. 3d 1541 (9th Cir. 1994) .......................................................8

27

*In re Hansen Natural Corporation Sec. Litig.,*
    527 F. Supp. 2d 1142 (C.D. Cal. 2007)........................8, 10, 11, 12
28

*In re Hypercom Corp. Sec. Litig.,*
    CV-05-0455-PHX-NVW, 2006 WL 1836181, (D. Ariz. July 5, 2006) ........ 10

*In re Jiangbo Pharm., Inc., Sec. Litig.,*
    884 F. Supp. 2d 1243 ................................ 12

*In re Silicon Graphics, Inc. Sec. Litig.,*
    183 F. 3d 970 (9th Cir. 1999) ........................... 6

*In re Wet Seal, Inc. Sec. Litig.,*
    518 F. Supp. 2d 1148 (C.D. Cal. 2007) ..................... 6

*In re Worlds of Wonder Sec. Litig.,*
    35 F.3d 1407 (9th Cir. 1994) ............................. 9

*Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.,*
    774 F.3d 598 (9th Cir. 2014) ............................ 10

*Red River Res., Inc. v. Mariner Sys., Inc.,*
    No. CV 11-02589-PHX-FJM, 2012 WL 2507517,
    (D. Ariz. June 29, 2012) ............................... 14

*Ronconi v. Larkin,*
    253 F. 3d 423, 429 (9th Cir. 2001) ........................ 6

*S.E.C. v. Fraser,*
    No. CV-09-00443-PHX-GMSC, 2009 WL 2450508,
    (D. Ariz. Aug. 11, 2009) ............................ 5, 8, 9

*SEC v. Todd,*
    642 F. 3d 1207 (9th Cir. 2011) ......................... 14

*South Ferry LP, No. 2 v. Killinger,*
    542 F.3d 776 (9th Cir. 2008) ......................... 5, 6

*Stack v. Lobo,*
    903 F. Supp. 1361 (N.D. Cal. 1995) ...................... 7

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.,*
    690 F. Supp. 2d 959 (D. Ariz. 2010) ..................... 13

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ................................. 6, 13

*Weiss v. Amkor Tech., Inc.,*
    527 F. Supp. 2d 938 (D. Ariz. 2007) ...................... 7

*Wojtunik v. Kealy,*
    394 F. Supp. 2d 1149 (D. Ariz. 2005) ................... 7, 10

*Wool v. Tandem Computers Inc.,*
    818 F. 2d 1433 (9th Cir. 1987) ......................... 15

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT

1

## FEDERAL STATUTES

2

15 U.S.C. § 78u-4(b)(1) ............................................................................. 6
15 U.S.C. § 78u-4(b)(1)-(2) ....................................................................... 5
3
15 U.S.C. § 78u-4(b)(2) ............................................................................. 6
15 U.S.C. § 78u-4(b)(3)(A) ........................................................................ 5
4
15 U.S.C. § 78u-4(b)(3)(A) ........................................................................ 8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES
## I.    INTRODUCTION

The securities fraud claims against Arnold Staloff, an outside director of Deer Consumer Products, Inc. ("Deer"), fail and must be dismissed for one simple reason: the Complaint lacks any allegations of wrongdoing by Mr. Staloff.

The specific allegations against Mr. Staloff are insufficient because the Complaint merely indicate that Mr. Staloff did nothing more than serve on certain committees of Deer's board of directors or hold certain titles.  There is not a single allegation in the Complaint specifying what Mr. Staloff did, said, knew or controlled with respect to the allegations of fraud.  Such fact-free allegations are insufficient to state a claim for fraud under the Private Securities Litigation Reform Act's ("PSLRA") heightened pleading standard.

To state a claim for securities fraud, a plaintiff must allege the individual defendant made a false or misleading statement and allege particularized facts that support a compelling and cogent inference that each of the defendants acted with the requisite scienter, *i.e.*, an intent to deceive.  Yet the Complaint is completely devoid of any such allegations with regard to Mr. Staloff.  There is not a single allegation that Mr. Staloff made any false or misleading statement, that he was aware of any allegedly fraudulent conduct by Deer, or that he was involved in any wrongdoing whatsoever.

Nor does the Complaint contain any allegation that Mr. Staloff stood to benefit from the alleged fraud, that he sold Deer stock at the allegedly inflated prices resulting from the fraud, or that he had any other motive to mislead Deer's shareholders.  It belies common sense, much less presents a plausible theory of liability, to suggest that Mr. Staloff would have committed fraud, potentially subjecting himself to criminal or civil liability, for no perceptible reason.  Plaintiffs' failure to adequately plead scienter is fatal to their claims.  Accordingly, Plaintiffs failed to meet the pleading requirements of the PSLRA.

1  Plaintiffs also fail to plead a plausible claim against Mr. Staloff of control

2  person liability under §20(a) of the Exchange Act, as they do not allege that Mr.

3  Staloff had actual power or control over Deer with respect to the allegedly

4  fraudulent statements.

5  As a result, Mr. Staloff respectfully request that the claims against him be

6  dismissed with prejudice.

7  **II.    STATEMENT OF FACTS**

8  **A.    The Origins of Deer**

9  Deer is a Nevada company based in China that manufactures small

10  appliances.  Compl. (Doc. No. 1), ¶ 2; Ex. A to Declaration of William H. Forman

11  in Support of Motion to Dismiss ("Forman Decl.") (2008 Deer 10-K) at 6.  On

12  March 11, 2008, Deer International Group Ltd., a British Virgin Limited Holding

13  Company, ("Deer International") acquired Winder Electric Group, Ltd. ("Winder")

14  and Delta International, Ltd. ("Delta").  Compl., ¶ 33; Forman Decl., Ex. A (2008

15  Deer 10-K) at 6.  At the time of this acquisition, Winder had been manufacturing

16  small appliances in China for over a decade.  In late 2008, Tag Events Corp. of

17  Nevada ("Tag") acquired Deer International and formed Deer, which became an

18  U.S. issuer through a reverse merger.  Forman Decl., Ex. A (2008 Deer 10-K) at 6,

19  30.  Compl., ¶ 21.  Deer began publicly trading its stock on NASDAQ on July 17,

20  2009 until it was delisted in 2012.  Compl., ¶¶ 2 and 21.

21  **B.    Mr. Staloff**

22  At various times, Mr. Staloff served on Deer's Audit, Compensation, and

23  Nominating Committees, which are compromised of independent directors.  Compl.,

24  ¶ 24; Forman Decl., Ex. B (Deer 2009 10-K) at 52 and 54; Ex. C (Deer 2010 10-K)

25  at 64, 66.  Mr. Staloff was never an officer of Deer.  On October 1, 2012, Mr.

26  Staloff resigned as a director and from all Deer Committees.  Compl., ¶ 24; Forman

27  Decl., Ex. M (Deer 10/5/2012 8-K).

28

**C.**    <u>Mr. Staloff's Lack of Knowledge</u>

On a March 9, 2011, www.alfredlittle.com ("Alfred Little") issued its first report on Deer ("March 9 Little Report").  Compl., ¶ 133; Forman Decl., Ex. E.  The March 9 Little Report discussed:  1) the supposed discrepancies between filings that Deer submitted to the Chinese State Administration of Taxation ("SAT") and the Chinese State Administration of Industry and Commerce ("SAIC") and filings submitted to the SEC; 2) Deer's purchase of the and use rights for a price that "Alfred Little" thought was too high, inferring therefore that someone in Deer management must have profited form the transaction through an undisclosed kick-back; and 3) the affiliation of Mr. He, the founder of Deer, with 50Hz, an alleged competitor of Deer in the small appliance market.  *Id.*; Compl., ¶¶ 86 and 88.

Deer rebutted this March 09, 2011 Report by providing evidence that it purchased the land use rights at the prices set forth in its SEC filings.  Compl., ¶ 134 and Forman Decl., Ex. G.  On March 21, 2011, "Alfred Little" issued yet another report ("March 21 Report"), this time only addressing its previous allegation that Deer management "failed to respond to the key issue of why they paid a unit purchase price of RMB 330K per Mu" for the land use rights in question.  Neither the Alfred Little reports nor the Complaint attribute any statements regarding the SEC or SAIC filings, the price paid for the Land Use Rights, or Mr. He's alleged affiliation with 50 HZ to either Mr. Staloff.  Compl., ¶ 135; Ex. H (3/21/2011 A. Little Report).

On April 4, 2011, another internet blogger published an article summarizing the March 2011 Alfred Little reports and questioning (1) Deer's published operating margin and sales' growth numbers and (2) Deer's CEO's purchase of Deer shares after the publication of the Little Reports.  Compl., ¶¶ 6, 137; Forman Decl., Ex. I (4/4/11 Report).  Neither the Complaint nor the April 4, 2011 Report attributes any statements regarding Deer's operating margin or sales growth to Mr. Staloff.

On December 15, 2011, Roddy Boyd, whom Plaintiffs acknowledge has been

1  accused of fraudulent journalism and taking bribes (Compl., ¶ 7 and n. 2), published

2  an article alleging that Deer hired a penny stock brokerage firm to market Deer's

3  shares to its clients.  Forman Decl., Ex. J (12/15/11 Report).  Again neither the

4  Complaint nor the December 15, 2011 Report attribute any statements or conduct to

5  Mr. Staloff.  On December 16, 2011 and December 21, 2011, Deer issued a press

6  releases addressing the allegations made by online bloggers.  Forman Decl., Ex. K

7  (12/16/11 Deer 8K) and Ex. L (12/21/21 Press Release); Compl. ¶ 38 (referring to

8  December 21, 2011 press release).

9      **D.**    **Procedural History**

10      The Alfred Little Reports spawned class action lawsuits against Deer and its

11  officers and directors and auditors alleging violations of federal securities laws in

12  2011 and 2013.  Compl., ¶¶ 10-11, 40.

13      On April 29, 2011, a class action alleging securities fraud violations

14  consisting of a class of all persons who purchased common stock of Deer between

15  August 13, 2009 and March 21, 2011 was filed against Deer and its officers and

16  directors, including Mr. Staloff.  Compl., ¶ 39; Forman Decl., Ex. N (Docket Report

17  for *Rose v. Deer Consumer Products, Inc.*, No. 2:11CV-3701 DMG-MRW, Entry

18  No. 1); Exhibit O (Amended Class Action).

19      On March 8, 2013, a securities fraud class action was filed by the *Rose*

20  Plaintiffs against Deer's auditors.  Compl., ¶¶ 11-40.  Plaintiffs were also notified of

21  the settlement in the *Rose* Action in April 2013 and opted out of the settlement in

22  the *Rose* Action on July 4, 2013.  Compl., ¶¶ 10, 39.

23      In their January 9, 2015 Complaint, Plaintiffs assert two causes of action

24  against Mr. Staloff:  (1) alleged violation of Section 10(b) of the '34 Act (Compl.,

25  ¶¶ 144-151) and (2) alleged violation of Section 20(a) of the '34 Act (Compl., ¶¶

26  152-155).  The Complaint alleges that a number of Deer's SEC filings contained

27  false statements, including the Form 10-Ks and Form 10-Qs beginning August 13,

28  2009 for 2009 and 2010 as set forth in the Alfred Little Reports.  Compl., ¶¶ 53-92

1 and 133-138.  The allegations against Mr. Staloff are sparse.  The Complaint names

2 him in only two paragraphs, introducing him as a director who later resigned.

3 Compl., ¶¶ 24 and 66 (alleging that Mr. Staloff signed the Registration Statement

4 dated October 9, 2009).  The Complaint contains no particularized allegations that

5 Mr. Staloff was involved or aware of the alleged wrongdoing, that he was aware

6 prior to any of the Alfred Little Reports of any false statements allegedly made by

7 Deer, or that he benefited in any way from the alleged wrongdoing.

8 ### III.   LEGAL STANDARD

9 In addition to the typical "notice pleading" standard that requires plaintiffs to

10 plead a "plausible" claim, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed.

11 2d 868 (2009), the PSLRA requires a plaintiff to, among other things: (1) "specify

12 each statement alleged to have been misleading, the reason or reasons why the

13 statement is misleading," and (2) "state with particularity facts giving rise to a

14 strong inference that the defendant acted with the required state of mind" as to each

15 alleged false statement. 15 U.S.C. § 78u-4(b)(1)-(2). Where a plaintiff fails to meet

16 any of these requirements, "the court shall, on the motion of any defendant, dismiss

17 the Complaint." 15 U.S.C. § 78u-4(b)(3)(A).

18 As such, a plaintiff must allege that a defendant actually made a false or

19 misleading statement in order to be held liable under Section 10(b) or was a

20 substantial or intricate participant in making such statements.  *Commc'ns Workers of*

21 *Am. Plan for Employees' Pensions & Death Benefits v. CSK Auto Corp.*, No. CV06

22 1503 PHX DGC(L), 2007 WL 951968, at *3 (D. Ariz. Mar. 28, 2007); *S.E.C. v.*

23 *Fraser*, No. CV-09-00443-PHX-GMSC, 2009 WL 2450508, at *7-8 (D. Ariz. Aug.

24 11, 2009) (finding signing a SEC filing was insufficient to establish a statement

25 made by defendant where there was an "absence of specific facts" regarding the

26 nature of the defendant's involvement in the drafting and editing of the SEC filings).

27 The PSLRA also requires plaintiffs to provide a "high level of detail" with respect to

28 any alleged false statement or material omission.  *South Ferry LP, No. 2 v.*

1   *Killinger*, 542 F. 3d 776, 784 (9th Cir. 2008).  It must be clear from the Complaint

2   what statements are alleged to be false.  *Ronconi v. Larkin*, 253 F. 3d 423, 429 (9th

3   Cir. 2001).  Plaintiffs must also plead particularized facts demonstrating why the

4   disputed statement was false when made. 15 U.S.C. § 78u-4(b)(1).

5       To adequately plead a defendant's mental state — the "scienter" requirement

6   — a Complaint must "state with particularity facts giving rise to a strong inference

7   that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2).

8   The Complaint must demonstrate that each defendant acted with the "nefarious

9   mental state necessary to constitute securities fraud."  *DSAM Global Value Fund v.*

10  *Altris Software, Inc.*, 288 F. 3d 385, 391 (9th Cir. 2002).  The Court must analyze

11  scienter "separately for each alleged misrepresentation and each defendant."  *In re*

12  *Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1157 (C.D. Cal. 2007). A plaintiff

13  must allege "particular facts giving rise to a strong inference" of "deliberate

14  recklessness" or "conscious misconduct."  *South Ferry LP*, 542 F. 3d at 782

15  (internal quotations and citations omitted).  To meet this high burden a plaintiff

16  "must state facts that come closer to demonstrating intent, as opposed to mere

17  motive and opportunity."  *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F. 3d 970, 974

18  (9th Cir. 1999), abrogated on other grounds in *South Ferry LP*, 542 F. 3d 776 (9th

19  Cir. 2008). A Complaint will survive a motion to dismiss only "if a reasonable

20  person would deem the inference of scienter cogent and at least as compelling as

21  any opposing inference one could draw from the facts alleged."  *Tellabs, Inc. v.*

22  *Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007).

## IV.   ARGUMENT

### A.   Plaintiffs Fail To Allege That Mr. Staloff Violated Section 10(b) Of The '34 Act

26  Plaintiffs' § 10(b) claim fails for two independent reasons. First, the only

27  allegations in the Complaint against Mr. Staloff are that he was a Deer director who

28  served as the Chair of the Compensation Committee and member of other

committees, who resigned on October 1, 2012.  Compl., ¶ 24. There are no allegations from which one can draw a compelling inference that Mr. Staloff made any statements or undertook any action to make any statement with a fraudulent intent.

### B.   Plaintiffs Fail To Meet The First Element Of Section 10(B) – Alleging That Mr. Staloff Made False Statements

As noted above, Plaintiffs must allege that Mr. Staloff made a false or misleading statement.  Plaintiffs utterly fail in meeting this first element.

#### 1.   Plaintiffs Fail To Plead That Mr. Staloff Did Anything More Than Sign A Single Filing

Plaintiffs only allege that Mr. Staloff was an outside director, signed a registration statement in October 9, 2009 and later resigned.  Compl., ¶¶ 24, 66. Because outside directors are not ordinarily involved in the day to day corporate affairs, "an outside director does not become liable for the contents" for a SEC filing "merely by signing it."  *Stack v. Lobo*, 903 F. Supp. 1361, 1376 (N.D. Cal. 1995) (rejecting group pleading doctrine for outside directors); *see also Weiss v. Amkor Tech., Inc.*, 527 F. Supp. 2d 938, 949-50 (D. Ariz. 2007) (finding that allegations that outside director signed SEC filings and served as a committee member were insufficient to establish liability); *Wojtunik v. Kealy*, 394 F. Supp. 2d 1149, 1165 (D. Ariz. 2005) (granting motion to dismiss in favor of outside directors on grounds that outside directors' "mere signatures on the 1999 10–K" did not sufficiently link them "to any misrepresentations and omissions contained in that form" for purposes of establishing that directors had made the misrepresentations in question).  As the court in *Wojtunik* held, "The Court agrees with those courts that have concluded that an outside director's signature on an SEC-required corporate document is not enough, in and of itself, to sufficiently plead a securities fraud claim against that director" and quoting "An outside director does not become liable for the contents of a group published document merely by signing it" from *Stack v. Lobo*, *supra*, and

1   other cases.  Because Mr. Staloff is an independent director, Plaintiffs' allegation

2   that Mr. Staloff signed a single SEC filing is insufficient to establish his liability for

3   statements made in that SEC filing.  Further, Mr. Staloff cannot be liable for

4   statements made in SEC filings that he did not sign.  *See Howard v. Everex Systems,*

5   *Inc.*, 228 F. 3d 1057, 1061-63 (9th Cir. 2000).

6           **2.      The Complaint Fails To Identify Any Allegedly False**
                       **Statements by Mr. Staloff**
7
8           The PSLRA requires the court to "dismiss the complaint if" it does not

9   "specify each statement alleged to have been misleading." 15 U.S.C. §§ 78u-

10  4(b)(3)(A), (b)(1)(B).  In other words, Plaintiffs must identify the specific

11  statements they allege to be false.  The only false statements alleged in the

12  Complaint that could conceivably relate to Mr. Staloff are those included in Deer's

13  October 9, 2009 Registration Statement, which allegedly "repeated false and

14  misleading financial statements."  Compl., ¶ 65.  However, the Complaint does not

15  specify which statements in this document were allegedly false.  Compl., ¶¶ 65-66.

16  Plaintiffs did not quote from the October 9, 2009 Registration Statement or identify

17  the precise statements in the October 9, 2009 Registration Statement that are

18  allegedly false.  Nor did Plaintiff identify which false and misleading financial

19  statements were allegedly "repeated" or made prior to the October 9, 2009

20  Registration Statement.

21          Like the "puzzle-pleading" that courts in this Circuit repeatedly reject, the

22  Complaint is an "unwelcome and wholly unnecessary strain on defendants and the

23  court system."  *In re GlenFed Inc. Sec. Litig.*, 42 F. 3d 1541, 1554 (9th Cir. 1994);

24  *Fraser,* 2009 WL 2450508, at *14 (noting that "puzzle pleading" is an improper

25  pleading format and holding that puzzle pleadings did not satisfy FRCP Rule 9(b));

26  *Gold v. Morrice*, Case No. CV 07-00931 DDP(JTLx), 2008 WL 467619 at *2 (C.D.

27  Cal. Jan. 31, 2008); and *In re Hansen Natural Corporation Sec. Litig.*, 527 F. Supp.

28  2d 1142, 1152-1153 (C.D. Cal. 2007).  As a result, the Complaint should be

dismissed.  *See also Fraser*, 2009 WL 2450508 at *8 (dismissing securities fraud claim where there was an "absence of specific facts" regarding the individual defendant's involvement in creating the purported false statements).

### C.   Plaintiffs Fail To Adequately Plead Mr. Staloff Acted with Any Scienter

Plaintiffs also cannot establish any reason for Mr. Staloff to commit fraud as required by the PSLRA.  The Complaint completely fails to pleading scienter in a manner consistent with the PSLRA and Ninth Circuit precedent.  There is not a single allegation to support that Mr. Staloff acted with the "nefarious mental state necessary to constitute securities fraud."  *DSAM Global Value Fund*, 288 F. 3d at 391.

### 1.   Plaintiffs Fail to Show Any Fraudulent Motive

Securities fraud cases are typically dismissed where plaintiffs fail to point to suspicious stock sales by the individual defendants at inflated stock prices, bonuses earned by the defendants that would not have been earned absent the fraud, and other facts that suggest a motive for fraud.  *In re Downey Secs. Litig.*, Case No. CV 08-3261 JFW (RZx), 2009 WL 2767670, at *14 (C.D. Cal. Aug. 21, 2009) ("[A]ny inference of scienter is negated by the complete lack of stock sales by the Individual Defendants during the class period."); *In re ChinaCast Educ. Corp. Sec. Litig.*, No. CV 12-4621-JFW PLAX, 2012 WL 6136746, at *8 (C.D. Cal. Dec. 7, 2012) ("any inference of scienter is convincingly negated by the lack of stock sales by the Individual Defendants"); *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1425 (9th Cir. 1994) ("minimal sales of stock also negates an inference of scienter").

The Complaint fails to allege any facts that suggest that Mr. Staloff benefited from any alleged fraud.  It fails to allege stock sales by Mr. Staloff during the relevant period or any motive to engage in the alleged fraud.

**2.  The Complaint's Boilerplate Allegations Do Not Show Actual Knowledge of Fraud**

Plaintiffs' allegations regarding Mr. Staloff's status as an independent director and his signature on a SEC filing are not only insufficient to establish that he had made any false statements, but they are also insufficient to establish scienter. *See Wojtunik*, 394 F. Supp. 2d at 1165 ("The Court agrees with those courts that have concluded that an outside director's signature on an SEC-required corporate document is not enough, in and of itself, to sufficiently plead a securities fraud claim against that director."); *In re Apollo Grp., Inc. Sec. Litig.*, No. CV-10-1735-PHX-JAT, 2012 WL 2376378, at *6 (D. Ariz. June 22, 2012) (finding allegations of corporate position are insufficient to establish scienter), *aff'd sub nom. Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598 (9th Cir. 2014); *Hansen*, 527 F. Supp. 2d at 1159-60 (finding that allegations of committee membership and signatures on public filings do not give rise to strong inference of scienter).

Similarly, the allegation that Mr. Staloff resigned in October 2012 (Compl., ¶ 24) also does not give rise to a strong inference of scienter.  *See Downey*, 2009 WL 2767670, at *12 (finding that allegations of individual defendants' high-level positions in the company, their access to non-public information, and their meeting attendance were insufficient to establish scienter) and at *13 (resignation of defendant do not support a strong inference of scienter unless "accompanied by additional evidence of defendant's wrongdoing."); *CSK Auto*, 2007 WL 951968, at 6 ("Neither a resignation nor termination by itself gives rise to a strong inference of scienter"); *see also In re Hypercom Corp. Sec. Litig.*, CV–05–0455–PHX–NVW, 2006 WL 1836181, at *8 (D. Ariz. July 5, 2006) (resignation did not rise to strong inference of scienter where there was no evidence that resignation was due to the alleged fraud).

The Complaint does not allege that Mr. Staloff played any role in Deer's operations that would have given them knowledge of any allegedly false statements

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT

1  regarding revenues, or net profits.  Plaintiffs do not allege that Mr. Staloff ever saw

2  the SAIC or SEC filings.  There are no allegations that Mr. Staloff prepared the

3  allegedly false financial statements, directed anyone to prepare false financial

4  statements, was aware of Mr. He's affiliation with other entities, or even reviewed

5  Deer's SAIC filings. And there are certainly no allegations of fact showing that Mr.

6  Staloff knew that any statement made by Deer or by anyone on behalf of Deer was

7  false.  Indeed, there are no allegations that Mr. Staloff knew anything more than

8  what was in the SEC filings prepared by Deer.

9      The case law makes plain that the failure to allege such facts is fatal. *Weiss*,

10  527 F. Supp. 2d at, 950 (granting motion to dismiss brought by outside directors:

11  "What is missing from the SAC regarding the outside directors' scienter are factual

12  allegations setting forth what information was presented to the outside directors

13  about any of the alleged misrepresentations, omissions, GAAP violations, etc. that

14  put them on actual or constructive notice of fraudulent activity [citation omitted].

15  Clearly, the Plaintiffs plead no facts to indicate that these directors knew of or

16  participated in any such actions or that they recklessly disregarded wrongdoing by

17  someone else.")

18      Without any factual allegations demonstrating what Mr. Staloff knew about

19  the allegedly false statements and when he knew it, the Complaint does not support

20  a claim that he acted with scienter.  *See Apollo Group*, 2012 WL 2376378, at *7

21  (allegations that Defendants "must have known" are insufficient to establish

22  scienter); *In re Apollo Grp., Inc. Sec. Litig.*, No. CV-10-1735-PHX-JAT, 2011 WL

23  5101787, at *10 (D. Ariz. Oct. 27, 2011) (noting that plaintiffs must "link facts

24  indicating actual knowledge on the part of each Defendant to actual fraudulent

25  practices of Defendants"); *Hansen*, 527 F. Supp. 2d at 1157 ("Plaintiff's failure to

26  plead any facts related to the role or knowledge of any of the Individual Defendants

27  or any Individual Defendant's involvement in the alleged. . . scheme is fatal to

28  Plaintiff's showing of scienter.")

1

### 3.    Independent Auditors' Opinion Negates Scienter

2       Not only are there no allegations that Mr. Staloff knew that any information

3   in the SEC filings was false, the fact that independent auditors reviewed and

4   approved the financial statements negates any inference of scienter.  A company's

5   independent auditors' unqualified opinion regarding the accuracy of a company's

6   financial statement is "highly probative' of an absence of scienter."  *Hansen*, 527 F.

7   Supp. 2d at 1157-58 (holding auditor opinion stating "consolidated financial

8   statements present fairly, in all material respects, the financial position of the

9   Company. . . and the result of its operations and its cash flows. . . in conformity with

10  accounting principles generally accepted in the United States of America" negated

11  an inference of scienter); *In re Jiangbo Pharm., Inc., Sec. Litig.*, 884 F. Supp. 2d

12  1243, 1263 (S.D. Fla. 2012) *aff'd sub nom. Brophy v. Jiangbo Pharm., Inc.*, 781

13  F.3d 1296 (11th Cir. 2015) (receipt of "unqualified audit opinions" and fact of no

14  restatement supports inference of lack of scienter).  Deer's 10-Ks included

15  unqualified opinions from independent auditors that the financial statements

16  "present fairly, in all material respects, the financial position of [Deer]" for 2009

17  and 2010.  *See* Compl., ¶¶ 99-101.

18       Taken together, the facts alleged in the Complaint do not create a cogent and

19  compelling inference that Mr. Staloff acted with scienter. In fact, the far more

20  compelling inference to be drawn from the Complaint's allegations is that he acted

21  in good faith.  Plaintiffs do not identify a single witness or document that supports

22  an inference that Mr. Staloff acted with any wrongful intent. Plaintiffs fail to allege

23  that Mr. Staloff knew of any misstatements or engaged in any suspicious stock sales

24  to enrich himself. It is not plausible that Mr. Staloff would intentionally commit

25  securities fraud, and subject himself to potential criminal and civil liability, where

26  he lacked any relationship with Deer management and gained no financial benefit

27  from the alleged fraud.  Plaintiffs cannot identify a single motive for such behavior.

28       The alleged facts are far more consistent with an inference that Mr. Staloff

12

1    acted without any intent to defraud Deer's shareholders.  Deer's senior management

2    signed certifications attesting to the accuracy of Deer's financial statements for 2009

3    and 2010.  The Company's independent auditors provided unqualified opinions that

4    those same financial statements were prepared in accordance with GAAP.  Further,

5    Mr. Staloff enjoyed no financial or other benefit from the alleged fraud.  Such

6    conduct is simply inconsistent with fraud. The far more compelling inference to be

7    drawn from all the allegations is that Mr. Staloff was acting in good faith and only

8    learned of the possibility of any fraud by Deer upon publication of the Alfred Little

9    report.  As a result, the Complaint should be dismissed against Mr. Staloff for

10   failing to plead scienter.  *Tellabs*, 127 S. Ct. at 2510.

11       **D.**    <u>**Plaintiffs Fail To State A Claim For Control Person Liability**</u>
12              <u>**Because They Have Not Alleged That Mr. Staloff Exercised**</u>
           <u>**"Actual Power Or Control" Over Deer**</u>

13
14        Plaintiffs' attempt to allege that Mr. Staloff is liable as control persons under

15   § 20(a) of the Exchange Act is similarly unavailing. The Complaint's meager facts

16   concerning Mr. Staloff are insufficient as a matter of law to state a claim for control

17   person liability against either of them.

18        To plead a claim under § 20(a), Plaintiffs must allege both (1) a primary

19   violation of the federal securities laws and (2) that each individual defendant named

20   in the claim exercised "actual power or control" over the primary violator.  *Howard*,

21   228 F. 3d at 1065.  Even assuming that Plaintiffs have alleged a primary violation

22   by Deer, their § 20(a) claim fails because Plaintiffs do not allege that Mr. Staloff

23   exercised "actual power or control" over Deer.

24        These types of allegations against Mr. Staloff — that he was an outside

25   director, members of board committees, and a signatory on one SEC filing — fail to

26   constitute power or control for purposes of § 20(a).  *See Teamsters Local 617*

27   *Pension & Welfare Funds v. Apollo Grp., Inc.*, 690 F. Supp. 2d 959, 978-79 (D.

28   Ariz. 2010) (finding allegations for control person liability inadequate for outside

1    director where there were no specific allegations of her control or involvement in

2    day to day operations); *Red River Res., Inc. v. Mariner Sys., Inc.*, No. CV 11-02589-

3    PHX-FJM, 2012 WL 2507517, at *9 (D. Ariz. June 29, 2012) (holding that

4    allegations that defendants were control person "by virtue of their positions and their

5    power to control public statements" were "circular reasoning" and did "not meet the

6    standard of prima facie case" for control person liability); and *Batwin v. Occam

7    Networks, Inc.*, No. CV 07-2750 CAS (SHX), 2008 WL 2676364, at *78 (C.D. Cal.

8    July 1, 2008).  In *Batwin*, the plaintiffs alleged that certain defendants were

9    "directors, who served on the Audit Committee, and who signed [the company's]

10   SEC filings."  *Id.*, at *25.  This Court held that such facts "do not offer any

11   indication that these defendants were involved in the day-to-day affairs" of the

12   company, and, accordingly, there was no indication that they exercised "actual

13   power or control" over the primary violator.  *Id.*

14          Mere status as a director and even the approval of filings are insufficient to

15   qualify a defendant as a control person; actual involvement in the day-to-day

16   operations of the company is required.  *See*, *e.g.*, *SEC v. Todd*, 642 F. 3d 1207, 1223

17   (9th Cir. 2011) (explaining that indicia of control include "whether the person

18   managed the company on a day-to-day basis and was involved in the formulation of

19   financial statements"); *Howard*, 228 F. 3d at 1067 & n.13 (holding that director who

20   had no responsibility for preparation of financial statements and was not "active in

21   the day-to-day affairs" of the company could not be a control person); *Arthur

22   Children's Trust v. Keim*, 994 F. 2d 1390, 1396 (9th Cir. 1993) (stating that

23   directors are not automatically control persons).  Because Plaintiffs' only relevant

24   allegation against Mr. Staloff is his position on various Deer committees and as a

25   director, Plaintiffs have failed to establish any control person liability as to Mr.

26   Staloff.

27          The requirement that allegations supporting a § 20(a) claim involve more than

28   a recitation of formal titles — among other facts that are equally consistent with the

---

14

existence of control as with the absence of control — is rooted in the clear policy rationale behind control-person liability. Courts reviewing the legislative history of § 20(a) have repeatedly stated that its core purpose is "to prevent evasion of the law by organizing dummies who will undertake the actual things forbidden." *Hollinger v. Titan Capital Corp.*, 914 F. 2d 1564, 1577 (9th Cir. 1990) (en banc) (internal quotation marks omitted); *see also Wool v. Tandem Computers Inc.*, 818 F. 2d 1433, 1441 (9th Cir. 1987) (describing § 20(a) as intended to provide an avenue for liability against the person "who stands behind the scenes and controls" the primary violator, who in turn is only in a "nominal position of authority"). Put another way, the "actual power or control" requirement is intended to permit liability against individuals who hold the reins of a primary violator but operate from behind formal barriers intended to insulate them from liability.

Without specific factual allegations giving rise to a plausible inference of "actual power or control" over Deer, Plaintiffs' § 20(a) claim against Mr. Staloff fails. Simply alleging official titles and approval of certain Deer statements is insufficient because, even if such facts are consistent with the existence of control, "where a Complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S. Ct. at 1949 (internal quotation marks omitted). Plaintiffs need to allege more, and they do not.

For all these reasons, the § 20(a) claim should be dismissed against Mr. Staloff.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss the Complaint as to both counts against Mr. Staloff.

DATED: August 10, 2015          Respectfully submitted,

SCHEPER KIM & HARRIS LLP
WILLIAM H. FORMAN


By:   /S/  William H. Forman
      William H. Forman
      Attorneys for Defendant Arnold Staloff

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT

## CERTIFICATE OF SERVICE

I certify that on the 10th day of August, 2015 I electronically transmitted the attached document(s) to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants.

DATED this 10th day of August, 2015

SCHEPER KIM & HARRIS LLP
WILLIAM H. FORMAN

By:   /S/  William H. Forman
William H. Forman
Attorneys for Defendant Arnold Staloff

DEFENDANT ARNOLD STALOFF'S MOTION TO DISMISS COMPLAINT